Marc Hepworth, Esq. (MH8462)
David A. Roth, Esq. (DR0165)
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:    (212) 545-1199
Facsimile:    (212) 532-3801
David@HGRlawyers.com

Shawn Khorrami, Esq.
Robert J. Drexler, Jr., Esq.
Matt Bailey, Esq.
Launa Adolph, Esq.
KHORRAMI POLLARD & ABIR LLP
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone:    (213) 596-6000
Facsimile:    (213) 569-6010
Rdrexler@kpalawyers.com

Attorneys for Plaintiff Cheryl Charles

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------X<br>CHERYL CHARLES, an individual, on behalf of herself and all others similarly situated,<br><br>            Plaintiff.<br><br>      -against-<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, Inc., an Ohio Corporation; and DOES 1 through 10, inclusive.<br><br>            Defendant. | Case No: 09-CV 0094 (AAR) (CLP)<br><br>**FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR FAILURE TO PAY OVERTIME WAGES**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

## NATURE OF THE ACTION

1. This is a Collective and Class action brought by Individual and Representative Plaintiff Cheryl Charles ("Plaintiff"), on her own behalf and on behalf of the proposed Classes

1

identified below. Plaintiff and the putative Class members were or are employed by Defendant, Nationwide Mutual Insurance Company, Inc. ("Nationwide" or "Defendant"), one of the largest insurance and financial services companies in the world, and have been denied compensation for all hours worked, including hours worked in excess of 40 hours per workweek, in violation of state and federal wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Defendant's practices are in violation of New York Labor Law Article 5 § 162, Article 6 § 190, *et seq.*, and Article 19 § 650, *et seq.*, the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 *et seq.*, and the Fair Labor Standards Act. Plaintiff and the Class members seek monetary, declaratory and injunctive relief against Defendant for its unlawful actions, compensation for all hours worked, including hours worked in excess of 40 hours per workweek, and other remedies as permitted by applicable law, including but not limited to prejudgment interest, attorney's fees, costs and expenses.

3. Plaintiff seeks certification of a collective action under the FLSA representing all persons employed by Nationwide in a "paralegal" job position in the United States at any time within the three (3) years prior to the filing of the initial Complaint in this action, and through the date of final disposition of this action.

4. Plaintiff further seeks certification of the following class under Rule 23: all persons employed by Defendant in a "paralegal" job position in the State of New York at any time within the six (6) years prior to the filing date of the initial Complaint in this action.

## JURISDICTION AND VENUE

5.      This court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331, § 1332 and 1337, and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1132(e)(2), because Nationwide operates facilities in, and a substantial part of the events giving rise to the claims occurred in, this judicial district.

## PLAINTIFF

7.      Plaintiff is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by Nationwide as a paralegal. Throughout her employment with Nationwide, Plaintiff was not compensated for all hours worked, including hours worked in excess of 40 hours per workweek. Plaintiff was also denied meal periods. She brings this action on behalf of herself and the Collective and New York Classes. She does not bring any claim under any collective bargaining agreement. Plaintiff is, and at all relevant times herein was, a member of the Collective and New York Classes described below.

## DEFENDANT

8.      Nationwide is, and at all relevant times herein was:

      (a)     A Corporation organized under the laws of the state of Ohio;

      (b)     Licensed to do business and doing business in the City, County and State of New York; and

      (c)     The employer of Plaintiff.

9. Nationwide erroneously denied Plaintiff and the Class members compensation for all hours worked, including hours worked in excess of 40 hours per week.

10. Plaintiff is unaware of the true names, identities and capacities of Defendants sued herein as DOES 1-10. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1-10 when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Plaintiff as set forth below.

11. Plaintiff is informed and believes, and based thereupon alleges, that each of the Defendants, including DOES 1-10, was the agent, ostensible agent, servant, representative, associate, borrowed servant, employee and/or joint venturer of each other Defendant, and at all relevant times was acting in the course and scope of such agency, service, employment and/or joint venture, and with the consent, permission and/or ratification of the co-Defendants, and each of them. Upon further information and belief, each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring and supervision of each and every Defendant as agent, servant, employee, and/or joint venturer.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under FLSA § 16(b) [29 U.S.C. § 216(b)]. The employees similarly situated are:

**Collective Class:**

All persons employed by Nationwide in a "paralegal" job position at any time within the three (3) years prior to the filing of the original Complaint through the date of final disposition of this matter.

13.     Nationwide employed policies and practices that required or permitted Plaintiff and the Collective Class to perform work for the benefit of Nationwide without compensation, off-the-clock, in violation of the FLSA. Nationwide violated the FLSA by failing to compensate Plaintiff and the Collective Class or all hours worked, including hours worked in excess of 40 hours per week. Defendant's conduct has been widespread, repeated and consistent.

14.     Defendant's conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

15.     Nationwide is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Nationwide who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in it. Those similarly situated employees are known to Nationwide and readily identifiable through its own records.

## RULE 23 CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action as a class action pursuant to Rule 23 on behalf of the following Rule 23 Class: All persons employed by Defendant in a "paralegal" job position in the State of New York at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter ("Rule 23 Class").

5

17.     Plaintiff further proposes that the Rule 23 Class include the following subclasses:

**Sub-Class A:** All Rule 23 class members classified as exempt at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter.

**Sub-Class B:** All Rule 23 class members that were not compensated for all hours worked at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter.

18.     <u>Class Too Numerous For Joinder</u>. The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant Nationwide employed hundreds of people who satisfy the definition of the class.

19.     Nationwide has acted or have refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20.     <u>Common Questions of Law and Fact</u>. Nationwide's employment policies, practices, and agreements raise questions of law and fact common to the class, including:

   a.   Whether Nationwide has failed to compensate Plaintiff and the Rule 23 Class for all hours worked, including hours worked in excess of 40 hours per workweek with overtime premium wages, within the meaning of the New York Labor Law Article 6 § 190, *et seq.* and Article 19 § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b. Whether Nationwide misclassified Plaintiff and Sub-Class A as exempt from overtime laws;

c. Whether Nationwide employed policies and practices that required or permitted Plaintiff and Sub-Class B to perform work for the benefit of Nationwide without compensation;

d. Whether Nationwide has engaged in a pattern, practice, or policy of failing to pay Plaintiff and the Class for all hours worked in excess of 40 hours per workweek;

e. Whether Nationwide has failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

f. Whether Nationwide's failure to keep accurate records has resulted in Plaintiff and the other members of the Class not being paid wages for all time worked at the agreed rates or the applicable overtime rates; and

e. The nature and extent of class-wide injury and the appropriate measure of damages for the class.

22. <u>Typicality of Class Plaintiff's Claims</u>. The claims of Plaintiff are typical of the claims of the other members of the Class. Plaintiff's claims encompass the challenged practices and course of conduct of Defendant. Plaintiff's legal claims arise out of the alleged course of conduct by Nationwide and are based on the same legal theories as the claims of the unnamed members of the Class. The legal issues as to which state laws are violated by such conduct apply equally to Plaintiff and the other members of the Class.

23. <u>Protection of Class Interests</u>. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff does not have interests that are adverse to

members of the Class. Moreover, Plaintiff has retained competent counsel experienced in class action litigation.

24. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Nationwide's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Nationwide's practices.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

25. Nationwide is one of the largest insurance carriers in the country. Nationwide maintains an elaborate network of offices throughout the United States to handle and process the multitude of claims it receives stemming from its automotive, motorcycle, boat, homeowners, life, and commercial insurance business.

26. Although located in many different cities, each and every office established by Nationwide is expected to comply with standardized corporate policies and procedures relating to the processing, investigation and litigation of claims, in what is best described as a large, in-house law firm environment.

27. Throughout its network of offices, Nationwide employs persons in the position of paralegal to assist in the processing and evaluations of claims. Paralegal duties include

preparing form intake case response, processing paperwork, reviewing motions filed in cases on which they are assigned, and performing threshold evaluations of liability for review by claims adjusters.

28. Pursuant to Nationwide's corporate policy, all members of Rule 23 Subclass A, including Plaintiff, were improperly classified as exempt and were denied overtime compensation.

29. On or about April 24, 2006, Nationwide reclassified all members of Rule 23 Subclass A, including Plaintiff, as non-exempt. However, following the reclassification, Nationwide did not change its policies related to overtime, including the recording of hours worked by paralegals and the payment of overtime compensation.

## FIRST CLAIM FOR RELIEF

## FOR FAILURE TO PAY OVERTIME COMPENSATION

## IN VIOLATION OF THE FLSA

[29 U.S.C. § 207]

**(By Plaintiff and the Collective Class Against Defendant)**

30. Plaintiff repleads and realleges the paragraphs above, inclusive, and incorporates them herein by reference.

31. At all relevant times, Nationwide has been, and continues to be, an "employer" engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Nationwide has employed and continues to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Nationwide has had gross operating revenues in excess of $500,000.00.

32. The FLSA requires each covered employer such as Nationwide to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

33. During their employment with Defendant, Plaintiff and the Collective Class worked in excess of 40 hours per workweek without overtime compensation. Despite these hours worked by Plaintiff and the Collective Class members, Nationwide willfully, in bad faith, and in knowing violation of the FLSA failed and refused to pay them overtime compensation.

34. Specifically, Nationwide willfully denied paralegals overtime compensation despite its knowledge of 29 C.F.R. 541.301(e)(7).

35. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Nationwide has failed to make, keep or preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

36. As alleged, the foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37. Plaintiff, on behalf of herself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

38.     Plaintiff, on behalf of herself and the Collective Class, seeks recovery of her attorney's fees and costs to be paid by Defendant, as provided by the FLSA at 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

## FOR FAILURE TO PAY OVERTIME COMPENSATION

## IN VIOLATION OF NEW YORK LABOR LAW

## [12 NYCRR 142-2.2]

**(By Plaintiff and the Rule 23 Class Against Defendant)**

39.     Plaintiff repleads and realleges the paragraphs above, inclusive, and incorporates them herein by reference.

40.     At all relevant times herein, N.Y Comp. Codes R. & Regs. tit. 12, § 142-2.2, required an employer, such as Nationwide, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week.

41.     Nationwide's failure to pay Plaintiff and the Rule 23 Class an overtime premium for hours worked in excess of 40 hours per week is a willful violation of the New York Labor Law Article 6 § 190, *et seq.* and Article 19, § 650, *et seq.* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

42.     Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime premium wages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective and Rule 23 Class, prays for relief as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For Notice to be issued to the Collective Class, and an appropriate time period be established to allow members of the Collective Class to execute and submit Consent to Join Action forms;

2. For a determination that Defendant has violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

3. For a determination that Defendant has violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

4. For a determination that Defendant's violations as described above are willful;

5. For an award to Plaintiff and the Collective Class for the amount of unpaid wages owed, including interest thereon, and subject to proof at trial;

6. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216; and

7. For such further relief as this Court may deem just and proper.

### ON THE SECOND CLAIM FOR RELIEF

1. For certification of the Rule 23 Class and proposed subclasses under Rule 23 of the Federal Rules of Civil Procedure;

2. For issuance of a declaratory judgment that the practices complained of herein are unlawful under Article 6§ 190, *et seq.*, and Article 19§ 650, *et seq.*, and the

       supporting New York State Department of Labor regulations 12 N.Y.C.R.R. Part 142, *et seq.*;

3. For an order designating Plaintiff Cheryl Charles as representative of the class and her counsel of record as class counsel;

4. For an award to Plaintiff and the Rule 23 Class of their unpaid wages and unpaid overtime premium hourly wages due under the New York Labor Law;

5. For general damages in an amount exceeding the jurisdictional limits of all the lower courts;

6. For loss of earnings, according to proof;

7. For restitution of all monies due to Plaintiff and members of the Rule 23 Class;

8. For cost of suit, including reasonable attorneys' fees and expert fees;

9. For pre-judgment and post-judgment interest, as provided by law; and

10. For such other and further relief as the court may deem just and proper.

Dated: September 11, 2009        Respectfully submitted,

_____
Marc Hepworth

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of the Collective and New York Classes, demands a jury trial.


Dated:  September 11, 2009         Respectfully submitted,

                                   _____
                                   Marc Hepworth