JAMES J. OH (IL # 6196413)
(admitted *pro hac vice*)
AMANDA HELM WRIGHT (IL # 6276200)
(admitted *pro hac vice*)
A. ALI AYAZI (AA - 7742)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL CHARLES, an individual, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>       -against-<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, Inc., an Ohio Corporation; and DOES 1 through 10, inclusive,<br><br>               Defendant. | Index No.: 09 CV 0094 (ARR)(CLP)<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Nationwide Mutual Insurance Company. Inc., by and through its attorneys, Littler Mendelson, P.C., and for its Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint, states:

1.     This is a Collective and Class action brought by Individual Representative Plaintiff Cheryl Charles ("Plaintiff"), on her own behalf and on behalf of the proposed Classes identified below. Plaintiff and the putative Class members were or are employed by Defendant, Nationwide Mutual Insurance Company, Inc. ("Nationwide" or "Defendant"), one of the largest insurance and financial services companies in the world, and have been denied compensation for all hours worked, including hours worked in excess of 40 hours per workweek, in violation of state and federal wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedures 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

**ANSWER:** Defendant admits that it formerly employed Plaintiff as a NTD Paralegal Specialist in the Trial Division.  Defendant denies this action is appropriately maintained as a class action, as an opt-in representative action or any other type of action, that there are others similarly situated to Plaintiff, or that it violated any federal or state wage and hour laws. Defendant further denies each and every remaining allegation contained in Paragraph 1.

2. Defendant's practices are in violation of New York Labor Law Article 5 § 162, Article 6 §190, et seq., and Article 19 §650 et seq., the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 et seq. and the Fair Labor Standards Act.  Plaintiff and the Class members seek monetary, declaratory and injunctive relief against Defendants for their unlawful actions, compensation for all work in excess of 40 hours per workweek, and other remedies as permitted by applicable law, including but not limited to prejudgment interest and attorney's fees, costs and expenses.

**ANSWER:** Defendant denies that Plaintiff or any purported "Class members" are entitled to any relief whatsoever, and Defendant further denies each and every remaining allegation contained in Paragraph 2.

3. Plaintiff seeks certification of a collective action under the FLSA representing all persons employed by Nationwide in a "paralegal" job position in the United States at any time within the three (3) years prior to the filing of the initial Complaint in this action, and through the date of final disposition of this action.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 3.

4. Plaintiff further seek certification of the following class under Rule 23:  all persons employed by Defendant in a "paralegal" job position in the State of New York at any time within the six (6) years prior to the filing date of the initial Complaint in this action.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 4 of Plaintiff's Complaint.

5. This court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1337, and Section 16(b) of the FLSA, 29 U.S.C. §216(b).  This court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to Class Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

**ANSWER:** Defendant does not dispute this Court's jurisdiction over Plaintiff's

Amended Complaint.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1132(e)(2), because Nationwide operates facilities in, and a substantial part of the events giving rise to the clams occurred in, this judicial district.

**ANSWER:** Defendant does not dispute that venue is proper in this Court with respect to the sole named Plaintiff, but denies that venue is proper in this Court if this case is to proceed as a collective action under the FLSA.

7. Plaintiff is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by Nationwide as a paralegal. Throughout her employment with Nationwide, Plaintiff was not compensated for all hours worked, including hours worked in excess of 40 hours per workweek. Plaintiff was also denied meal periods. She brings this action on behalf of herself and the Collective and New York Classes. She does not bring any claim under any collective bargaining agreement. Plaintiff is, and at all relevant times herein was, a member of the collective and New York Classes described below.

**ANSWER:** Defendant admits that it formerly employed Plaintiff as a NTD Paralegal Specialist in the Trial Division. Defendant denies each and every remaining allegation contained in Paragraph 7.

8. Nationwide is, and at all relevant times herein was:

   (a) A corporation organized under the state of Ohio;

   (b) Licensed to do business and doing business in the City, County and state of New York; and

   (c) the employer of Plaintiff;

**ANSWER:** Defendant admits sub-paragraphs 8(a) and 8(b). With regard to subparagraph 8(c), Defendant states that it formerly employed Plaintiff. Defendant denies each and every remaining allegation contained in subparagraph 8(c).

9. Nationwide erroneously denied Plaintiff and the Class members compensation for all hours worked, including hours worked in excess of 40 hours per week.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 9.

10. Plaintiff is unaware of the true names, identities and capacities of Defendants sued herein and DOES 1-10. Plaintiff will amend this complaint to alleged the true names and capacities of DOES 1-10 when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendant sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Plaintiff as set forth below.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 10.

11. Plaintiff is informed and believes, and based thereupon alleges, that each of the Defendants, including DOES 1-10, was the agent, ostensible agents, servant, representative, associate, borrowed servant, employee and/or joint venturer of each other Defendant, and at all relevant times was acting in the course and scope of such agency, service, employment and/or joint venture, and with the consent, permission and/or ratification of the co-Defendants, and each of them. Upon further information and belief, each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring and supervision of each and every Defendant as agent, servant, employee, and/or joint venturer.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 11.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under FLSA § 16(b) [29 U.S.C. § 216(b)]. The employees similarly situated are:

> Collective Class: All persons employed by Nationwide in a "paralegal" job position at any time within the three (3) years prior to the filing of the original Complaint through the date of final disposition of this matter.

**ANSWER:** Defendant acknowledges that Plaintiff seeks to bring this action individually, and as a collective action under 29 U.S.C. § 216(b). Defendant denies this action is appropriately maintained as a class action, as an opt-in representative action or any other type of action, that there are others similarly situated to Plaintiff, or that it violated any federal or state wage and hour laws. Defendant further denies each and every remaining allegation contained in Paragraph 12.

13. Nationwide employed policies and practices that required or permitted Plaintiff and the Collective Class to perform work for the benefit of Nationwide without compensation, off-the-clock, in violation of the FLSA. Nationwide violated the FLSA by failing to compensate

Plaintiff and the Collective Class or (sic) all hours worked, including hours worked in excess of 40 hours per week.  Defendant's conduct has been widespread, repeated and consistent.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 13.

14.    Defendant's conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 14.

15.    Nationwide is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in it.  Those similarly situated employees are known to Defendant's and readily identifiable through its own records.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 15.

## RULE 23 CLASS ACTION ALLEGATIONS

16.    Plaintiff brings this action as a class action pursuant to Rule 23 on behalf of the following Rule 23 class:  All persons employed by Defendant in a "paralegal" job position in the state of New York at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter ("Rule 23 Class).

**ANSWER:**   Defendant acknowledges that Plaintiff seeks to bring this action individually and as a class action under F.R.C.P. 23.  Defendant denies this action is appropriately maintained as a class action, as an opt-in representative action or any other type of action, or that it violated any federal or state wage and hour laws.  Defendant further denies each and every remaining allegation contained in Paragraph 16.

17.    Plaintiff further proposes that the Rule 23 Class include the following subclasses:

Sub-Class A:  All Rule 23 class members classified as exempt at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter.

Sub-Class B:  All Rule 23 class members that were not compensated for all hours worked at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 17.

18. <u>Class Too Numerous For Joinder</u>.  The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant Nationwide employed hundreds of people who satisfy the definition of the class.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 18.

19. Nationwide have acted or have refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 19.

20. <u>Common Questions of Law and Fact</u>.  Nationwide's employment policies, practices, and agreements raise questions of fact common to the class, including:

    (a) Whether Nationwide has failed to compensate Plaintiff and the Rule 23 Class for all hours worked, including hours worked in excess of 40 hours per workweek with overtime premium wages within the meaning of the New York Labor Law Article 6 § 190 et seq. and Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    (b) Whether Nationwide misclassified Plaintiff and Sub-Class A as exempt from overtime laws.

    (c) Whether Nationwide employed policies and practices that required or permitted Plaintiff and Sub-Class B to perform work for the benefit of Nationwide without compensation;

    (d) Whether Nationwide has engaged in a pattern, practice, or policy of failing to pay Plaintiff and the Class for all hours worked in excess of 40 hours per workweek;

    (e) Whether Nationwide has failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

    (f) Whether Nationwide's failure to keep accurate records has resulted in Plaintiff and the other members of the class not being paid wages for all time worked at the agreed rates or the applicable overtime rates; and

    (g) The nature and extent of class-wide injury and the appropriate measure of damages for the class.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 20, including all subparts.

[21. Plaintiff inadvertently failed to include Paragraph 21 in her Amended Complaint.]

22.     <u>Typicality of Class Plaintiff's Claims</u>.  The claims of Plaintiff are typical of the claims of the other members of the class.  Plaintiff's claims encompass the challenged practices and course of conduct of Defendants.  Plaintiff's legal claims that arise out of the alleged course of conduct by Nationwide are based on the same legal theories as the claims of the unnamed members of the class.  The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and the other members of the class.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 22.

23.     <u>Protection of Class Interests</u>.  Plaintiff will fairly and adequately protect the interests of the other members of the class.  Plaintiff does not have interests that are adverse to members of the Class.  Moreover, Plaintiff has retained competent counsel experienced in class action litigation.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 23.

24.     <u>Superiority</u>.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the class have been damaged and are entitled to recovery as a result of Nationwide's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Nationwide's practices.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 24.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

25.     Nationwide is one of the largest insurance carriers in the country.  Nationwide maintains an elaborate network of offices throughout the United States to handle and process the multitude of claims it receives stemming from its automotive, motorcycle, boat, homeowners, life, and commercial insurance business.

**ANSWER:**   Defendant admits that it is an insurance carrier, that it has offices in

various States, and that it receives insurance claims.  Defendant denies each and every remaining

allegation contained in Paragraph 25.

26.     Although located in many different cities, each and every office established by Nationwide is expected to comply with standardized corporate policies and procedures relating

to the processing, investigation and litigation of claims, in what is best described as a large, in-house law firm environment.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 26.

27.   Throughout its network of offices, Nationwide employs persons in the position of paralegal to assist in the processing and evaluations of claims. Paralegal duties include preparing form intake case response, processing paperwork, reviewing motions filed in cases on which they are assigned, and performing threshold evaluations of liability for review by claims adjusters.

**ANSWER:**   Defendant admits that it employs paralegals. Defendant denies each and every remaining allegation contained in Paragraph 27.

28.   Pursuant to Nationwide's corporate policy, all members of Rule 23 Subclass A, including Plaintiff, were improperly classified as exempt and were denied overtime compensation.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 28.

29.   On or about April 24, 2006, Nationwide reclassified all members of Rule 23 Subclass A, including Plaintiff, as non-exempt. However, following the reclassification, Nationwide did not change its policies related to overtime, including the recording of hours worked by paralegals and the payment of overtime compensation.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 29.

### FIRST CLAIM FOR RELIEF
### FOR FAILURE TO PAY OVERTIME COMPENSATION
### IN VIOLATION OF THE FLSA
### [29 U.S.C. § 207]

30.   Plaintiff repleads and realleges paragraphs above, inclusive, and incorporates them herein by this reference.

**ANSWER:**   Defendant incorporates its answers to the foregoing paragraphs herein by reference.

31.   At all relevant times, Nationwide has been, and continue to be, "employers" engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Nationwide has employed and continues to employ employees, including Plaintiff, and the Collective Class. At all relevant times, upon information and belief, Nationwide has had gross operating revenues in excess of $500,000.00.

**ANSWER:** Defendant admits that it is an "employer" as defined in the FLSA, employs employees and has had revenues in excess of $500,000.00. Defendant denies each and every remaining allegation contained in Paragraph 31.

32. The FLSA requires each covered employer such as Nationwide to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

**ANSWER:** Defendant states that Paragraph 32 states legal conclusions, to which no response is required.

33. During their employment with Defendant, Plaintiff and the Collective Class members worked in excess of 40 hours per workweek without overtime compensation. Despite these hours worked by Plaintiff and the Collective Class members, Defendant's willfully, and in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 33.

34. Specifically, Nationwide willfully denied paralegals overtime compensation despite its knowledge of 29 C.F.R. 541.301(e)(7).

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 34.

35. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Nationwide has failed to make, keep or preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 35.

36. As alleged, the foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 36.

37. Plaintiff, on behalf of herself and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**ANSWER:**   Defendant denies that Plaintiff or anyone else is entitled to any relief whatsoever. Defendant further denies each and every remaining allegation contained in Paragraph 37.

38. Plaintiff, on behalf of herself and the Collective Class, seeks recovery of their attorney's fees and costs to be paid by Defendant, as provided by the FLSA at 29 U.S.C. §216(b).

**ANSWER:**   Defendant denies that Plaintiff or anyone else is entitled to any relief whatsoever. Defendant further denies each and every remaining allegation contained in Paragraph 38.

## SECOND CLAIM FOR RELIEF
## FOR FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF NEW YORK LABOR LAW
## [12 NYCRR 142-2.2]

### (By Plaintiff and the Rule 23 Class Against Defendant)

39. Plaintiff repleads and realleges paragraphs above, inclusive, and incorporates them herein by this reference.

**ANSWER:**   Defendant incorporates its answers for the foregoing paragraphs herein by reference.

40. At all relevant times herein, N.Y Comp. Codes R. & Regs. tit. 12, § 142-2.2, required an employer, such as Nationwide, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week.

**ANSWER:**   Defendant states that Paragraph 40 states legal conclusions, to which no response is required.

41. Nationwide's failure to pay Plaintiff and the Rule 23 Class an overtime premium for hours worked in excess of 40 hours per week is a willful violation of the New York Labor Law Article 6 § 190 *et seq.*, and Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 41.

42. Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre judgment and post judgment interest.

**ANSWER:** Defendant denies that Plaintiff or anyone else is entitled to any relief whatsoever. Defendant further denies each and every remaining allegation contained in Paragraph 42.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective and Rule 23 Class, prays for relief as follows:

## ON THE FIRST CLAIM FOR RELIEF

1. For Notice to be issued to the Collective Class, and an appropriate time period be established to allow members of the Collective Class to execute and submit Consent to Join Action forms;

2. For a determination that Defendants has violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

3. For a determination that Defendants have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

4. For a determination that Defendants' violations as described above are willful;

5. For an award to Plaintiff and the Collective Class for the amount of unpaid wages owed, including interest thereon, and subject to proof at trial;

6. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216; and

7. For such further relief as this Court may deem appropriate and just.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action. Defendant further denies the propriety of each and every one of Plaintiff's prayers or requests for relief, and denies each and every allegation therein, including the allegations in each subpart.

Defendant denies each and every allegation set forth in Plaintiff's Complaint that has not been admitted as true.

## ON THE SECOND CLAIM FOR RELIEF

1. For certification of the Rule 23 Class and proposed subclasses under Rule 23 of the Federal Rules of Civil Procedure;

2. For issuance of a declaratory judgment that the practices complained of herein are unlawful under Article 6, § 190 et seq., and Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations 12 N.Y.C.R.R. Part 142 et seq.;

3. For an order designating Plaintiff Cheryl Charles as representative of the class and her counsel of record as class counsel;

4. For an award to Plaintiff and the Rule 23 Class of their unpaid wages and unpaid overtime premium hourly wages due under the New York Labor Law;

5. For general damages in an amount exceeding the jurisdictional limits of all the lower courts;

6. For loss of earnings, according to proof;

7. For restitution of all monies due to Plaintiff and members of the class;

8. For cost of suit, including reasonable attorneys' fees and expert fees;

9. For pre-judgment and post-judgment interest, as provided by law; and

10. For such other and further relief as this court deems necessary, just and proper.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action. Defendant further denies the propriety of each and every one of Plaintiff's prayers or requests for relief, and denies each and every allegation therein, including the allegations in each subpart.

Defendant denies each and every allegation set forth in Plaintiff's Complaint that has not been expressly admitted as true.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

The complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

During the applicable statutes of limitations periods, Plaintiff was properly classified pursuant to 29 U.S.C. §§ 206, 207, 213 and any corresponding New York State Law.

### THIRD DEFENSE

Defendant opposes class certification and disputes the propriety of class treatment under the FLSA and/or Rule 23. If the Court certifies a class in this case over Defendant's objections under the FLSA, Rule 23 or both, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

### FOURTH DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or the six-year limitations period contained in New York Labor Law, Article 19 § 663, such claims of Plaintiff are barred.

### FIFTH DEFENSE

Plaintiff's claims, including claims for liquidated damages, are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or any corresponding New York state law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any corresponding New York state law. Further, because of,

among other things, its good faith, Defendant asserts that any non-compliance with federal or New York wage and hour laws was not willful and therefore, Plaintiff is not entitled, among other things, to a third year of overtime pay under the FLSA.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 and any corresponding New York state law, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

### EIGHTH DEFENSE

There are no employees of Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

### NINTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff misperformed her duties and/or failed to perform those duties which Defendant realistically expected her to perform.

### TENTH DEFENSE

Each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### ELEVENTH DEFENSE

Plaintiff has failed to exercise reasonable care to mitigate her damages, if any were suffered, and her right to recover against Defendant should be reduced and/or eliminated by such

a failure.

## TWELFTH DEFENSE

Plaintiff has been paid and/or received all wages due to her by virtue of her employment.

## THIRTEENTH DEFENSE

All or portions of the claims set forth in the Complaint are barred by the doctrines of estoppel, laches, or unclean hands.

## FOURTEENTH DEFENSE

All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

## FIFTEENTH DEFENSE

Any unlawful or other wrongful acts of any person(s) employed by Defendant was outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

## SIXTEENTH DEFENSE

The Complaint, and each purported claim contained therein, is barred to the extent Plaintiffs and the putative class members, by their acts, conduct and omissions, expressly or impliedly waived whatever rights they may have had against Defendant.

## SEVENTEENTH DEFENSE

Any failure of Plaintiff and the putative class members to take meal periods or rest breaks was the result of their exercise of discretion and independent judgment.

## EIGHTEENTH DEFENSE

Plaintiff lacks standing to bring her claims as to all or a portion of the claims alleged in the Complaint.

## NINETEENTH DEFENSE

This suit may not be properly maintained as a class action under either the FLSA or under Rule 23 of the Federal Rules of Civil Procedure because: (1) Plaintiff cannot establish the necessary procedural prerequisites for collective or class treatment and therefore cannot represent the interests of others; (2) the prosecution of separate actions by individuals would not create a risk of incompatible standards of conduct for Defendant; nor would adjudication of individual's claims impede the ability of others not parties to the adjudications to protect their interests; (3) the alleged putative group that Plaintiff purports to represent is not so numerous that joinder is impracticable; (4) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (5) Plaintiff's claims are not representative or typical of the claims of the putative class; (6) the named Plaintiff and alleged putative class counsel are not proper or adequate representatives for the alleged putative class; (7) Plaintiff cannot show that class treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class, and conflicts of interest exist between members of the alleged putative class; (9) the Complaint and the causes of action therein present difficulties that make this action unmanageable as a class action, including, but not limited to, Plaintiff seeks to certify both an opt-in class action under Rule 216(b) of the FLSA and an opt-out class action under Rule 23, which is confusing to putative members of the class.

## TWENTIETH DEFENSE

The adjudication of the claims of the putative class through generalized class wide proof violates Defendant's rights to trial by jury and due process guaranteed by the United States and California Constitutions.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiffs seek statutory or other penalties, such claim must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-SECOND DEFENSE

The Complaint fails to properly state a claim for attorney's fees under the FLSA, any corresponding New York state law, or on any other basis.

## TWENTY-THIRD DEFENSE

The Complaint fails to properly state a claim for injunctive relief.

## TWENTY-FOURTH DEFENSE

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## TWENTY-FIFTH DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## TWENTY-SIXTH DEFENSE

The New York Labor Law claims asserted in the Complaint may not be maintained as a class action under New York Civil Practice Law and Rules § 901(b).

## TWENTY-SEVENTH DEFENSE

Plaintiff's prayer for relief should be denied to the extent that compensatory damages, penalties, exemplary damages and injunctive relief are not recoverable under the applicable federal and New York wage and hour laws.

### **TWENTY-EIGHTH DEFENSE**

Although venue may be proper in this Court with respect to the sole named Plaintiff, venue is not proper in this Court if this case proceeds as a collective action under the FLSA.

### **ADDITIONAL DEFENSES**

Defendant states that it does not presently know all facts concerning the conduct of Plaintiff and her claims sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing and the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its attorneys' fees and costs; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

Date:   November 25, 2009
        New York, New York

/s  Amanda Helm Wright
A. Ali Ayazi (AA – 7742)
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
8th Floor
New York, NY  10022
212.583.9600

James J. Oh (IL # 6196413)
(admitted *pro hac vice*)
Amanda Helm Wright (IL # 6276200)
(admitted *pro hac vice*)
LITTLER MENDELSON
  A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Attorneys for Defendant
  NATIONWIDE MUTUAL INSURANCE
  COMPANY, Inc.

## **CERTIFICATE OF SERVICE**

       I, Amanda Helm Wright, an attorney, do hereby certify that I caused a copy of the foregoing Defendant's Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint to be served upon the following parties via ECF on November 25, 2009:

David A. Roth
Hepworth, Gershbaum & Roth
192 Lexington Avenue
Suite 802
New York, New York 10016

Launa Adolph
Khorrami Pollard & Abir
444 South Flower Street
33rd Floor
Los Angeles, CA  90071


    /s/ Amanda Helm Wright
    Amanda Helm Wright