UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHERYL CHARLES, *on behalf of herself and*
*all others similarly situated,*

                            Plaintiff,

                                                            **O R D E R**

        - against -

                                                            09 CV 94 (ARR)

NATIONWIDE MUTUAL INSURANCE
COMPANY, INC., et al.,

                            Defendants.
-----------------------------------------------------------X


        On January 9, 2009, plaintiff Cheryl Charles filed this action against defendant

Nationwide Mutual Insurance Company, Inc. ("Nationwide"), pursuant to the Fair Labor

Standards Act ("FLSA") and New York Labor Law, seeking, inter alia, unpaid wages, interest

and reasonable attorney's fees for herself and other similarly situated employees. (See Compl.[1]

at 12-13).  In her Amended Complaint, filed on September 11, 2009, plaintiff alleges that she

and similarly situated employees, who were or are employed by Nationwide as paralegals, were

denied overtime compensation and other benefits as required by state and federal law. (Amend.

Compl.[2] ¶¶ 25-28).  Plaintiff seeks nationwide certification of a collective action pursuant to

---

        [1]Citations to "Compl." refer to the Complaint, filed on January 9, 2009.

        [2]Citations to "Amend. Compl." refer to the Amended Complaint, filed on September 11,
2009.  In her original Complaint, plaintiff alleged that the failure to pay overtime was based on
defendant's misclassification of these paralegals as exempt.  That claim was withdrawn in the
Amended Complaint, in which plaintiff added further allegations against "Does 1 through 10,"
alleging that certain agents of Nationwide "are legally responsible in some manner" for the
violations alleged in the Amended Complaint.  (Id. ¶¶ 10-11).  Plaintiff has not identified "Does
1 through 10" and thus has not served any additional individuals with the Amended Complaint.
For purposes of this Order, the Court will refer to defendant Nationwide and defendants "Does 1
through 10" collectively as "defendant."

Section 216(b) of the FLSA, as well as class certification pursuant Rule 23 of the Federal Rules of Civil Procedure.  (See id. ¶¶ 12-24).

## BACKGROUND

By letters dated March 17, and 22, 2010, the parties advised the Court that they had been unable to agree on four discovery matters:  1) the number of allowable interrogatories in this case; 2) plaintiff's request for production of the names and contact information of putative class members; 3) plaintiff's request for production of billing sheets completed by Nationwide's paralegals; and 4) plaintiff's request for production of defendant's document retention and electronic data archiving policies.  (Pl.'s 3/17 Ltr.[3] at 1; Def.'s 3/22 Ltr. Resp.[4] at 1-3).

The parties appeared for a status conference before the undersigned on March 24, 2010, at which time the Court resolved the parties' dispute over the number of interrogatories and stayed plaintiff's request for production of defendant's document retention and electronic data archiving policies.  (See Docket Entry No. 55).  Following the status conference, plaintiff filed a motion to compel:  1) the names and contact information of putative class members, and 2) "all billing sheets for Paralegals during the Relevant Period; or, in the alternative, the number of hours billed by all Paralegals during the Relevant Period."  (Pl.'s 4/9 Ltr. Mot.[5] at 5).

---

[3]Citations to "Pl.'s 3/17 Ltr." refer to Plaintiff's Letter to the Court, filed on March 17, 2010.

[4]Citations to "Def.'s 3/22 Ltr. Resp." refer to Defendant's Response to Plaintiff's Letter to the Court, filed on March 22, 2010.

[5]Citations to "Pl.'s 4/9 Ltr. Mot." refers to Plaintiff's Letter Motion for Discovery, filed on April 9, 2010.

For the reasons stated below, the Court denies plaintiff's motion to compel production of

the requested information and records.


DISCUSSION

In this case, plaintiff seeks to certify a class under both Section 216(b) of the FLSA, see

29 U.S.C. § 216(b), and Rule 23 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 23.

The discussion that follows analyzes plaintiff's motion to compel under each procedural

mechanism.  See Dziennik v. Sealift, Inc., No. 05 CV 4659, 2006 WL 1455464, at *2 (E.D.N.Y.

May 23, 2006) (noting that the certification process under the FLSA and Rule 23 are analyzed

under different standards).


I.      Legal Standard

        A.  Fair Labor Standards Act

             1)  Collective Action

        Under the FLSA, employers are required to compensate covered employees for all work

performed, including overtime, in order to prevent "labor conditions detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency, and general

well-being of workers."  29 U.S.C. §§ 202(a), 207(a)(1); see Reich v. N.Y. City Transit Auth.,

45 F.3d 646, 648-49 (2d Cir. 1995) (citations omitted).  Pursuant to Section 216(b) of the FLSA,

an employee may bring an action to "'recover unpaid overtime compensation and liquidated

damages from employers who violate the Act's overtime provisions.'"  Gjurovich v.

Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting Hoffman v.

Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

Under the statute, an employee may bring a collective action "for and in behalf of himself

. . . and other employees similarly situated."  29 U.S.C. § 216(b).  Unlike a class action brought

pursuant to Rule 23 of the Federal Rules of Civil Procedure, however, a collective action may

only be brought under the FLSA on behalf of those employees who affirmatively "opt in" by

giving consent in writing to become a party to the action.  See Gjurovich v. Emmanuel's

Marketplace, Inc., 282 F. Supp. 2d at 103-04; Iglesias-Mendoza v. La Belle Farm, Inc., 239

F.R.D. 363, 367 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y.

2005).

In order to determine whether certification of a collective action under the FLSA is

appropriate, courts engage in a two-step process.  See Castro v. Spice Place, Inc., No. 07 CV

4657, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009).  The first step involves "looking to the

pleadings and affidavits to determine whether plaintiffs have satisfied 'the minimal burden of

showing that the similarly situated requirement is met.'"  Id. (quoting Lee v. ABC Carpet &

Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)).  If plaintiffs meet this "'fairly lenient standard,'"

the court will typically grant "'conditional certification'" and authorize notice to potential

plaintiffs.[6]  Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367 (citation omitted).

The term "similarly situated," although not defined in the statute, has been interpreted as

requiring only a "'modest factual showing sufficient to demonstrate that [the named plaintiffs]

and potential plaintiffs together were victims of a common policy or plan that violated the law.'"

---

[6]Although the statute has no specific provision for issuing such notice, the Supreme
Court in Hoffman-LaRoche Inc. v. Sperling held that it was appropriate for courts to authorize
such notice under the FLSA in order to serve the "broad remedial goal" of the Act.  493 U.S.
165, 171-173 (1989); see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 335-36
(2d Cir. 1978) (holding that a district court "has the power to order that notice be given to other
potential members of the plaintiff class under the 'opt-in' provision of the [FLSA]").

Patton v. Thomson Corp., 364 F. Supp. 2d at 267 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp.

at 261).  The burden is significantly less than that required to sustain a class certification motion

under Rule 23 because the FLSA's opt-in provision merely provides an opportunity for potential

plaintiffs to join the action and is only a preliminary determination as to which potential

plaintiffs may in fact be similarly situated.  See Patton v. Thomson Corp., 364 F. Supp. 2d at

267; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 104.  In determining

whether this preliminary requirement has been met, courts generally consider "whether there are

1) disparate factual and employment settings of the individual plaintiffs; 2) defenses available to

defendants which appear to be individual to each plaintiff; and 3) fairness and procedural

considerations counseling for or against notification to the class."  Guzman v. VLM, Inc., No. 07

CV 1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007) (internal quotation marks omitted).

The second step in the analysis takes place after discovery, when the Court looks at the

record again to "'[make] a factual finding regarding the similarly situated requirement; if the

claimants are similarly situated, the collective action proceeds to trial, and if they are not, the

class is decertified.'"  Castro v. Spice Place, Inc., 2009 WL 229952, at *2 (citation omitted).


2)  Pre-Certification Discovery Under the FLSA

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense —
> including the existence, description, nature, custody, condition,
> and location of any documents or other tangible things and the
> identity and location of persons who know of any discoverable
> matter . . . . Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence.

Fed R. Civ. P. 26(b)(1).  This rule "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  This liberal rule of discovery, however, "like all matters of procedure, has ultimate and necessary boundaries." Id. at 351-52 (internal citation and quotations omitted).

The Supreme Court has made it clear that when a collective action under the FLSA has been conditionally certified, "it is appropriate for a district court to permit the discovery of the names and addresses of employees."  Crawford v. Dothan City Board of Ed., 214 F.R.D. 694, 965 (M.D. Ala. 2003) (citing Hoddman-La Roche, Inc. v. Sperling, 493 U.S. at 170).

During the pre-certification stage of a collective action under the FLSA, discovery is limited to issues of certification.  See, e.g., Acevedo v. Ace Coffee Bar, 248 F.R.D. 550, 553 (N.D. Ill. 2008); Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 304 (D. Colo. 1998). Within these confines, whether to compel production of the names and addresses of putative class members lies within the discretion of the trial court – indeed, courts have ruled both ways on the question.  Compare Acevedo v. Ace Coffee Bar, 248 F.R.D. at 553 (ordering pre-certification production of names and contract information for employees in plaintiff's work location, but denying production as to all other workers, reasoning that "[p]laintiffs have not . . . yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice"); Tomassi v. City of Los Angeles, No. CV 08 1851, 2008 WL 4722393, at *2-3 (C.D. Cal. Oct. 24, 2008) (ordering pre-certification disclosure of names and addresses); Morden v. T-Mobile USA, Inc., No. C05 2112, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (ordering pre-certification production of names and contact information); Bailey v. Ameriquest Mortgage Co., No. CIV 01 545, 2002 WL 100388, at *2 (D. Minn. Jan. 23,

2002) (ordering pre-certification production of names and contact information) with Crawford v.

Dothan City Board of Ed., 214 F.R.D. at 694 (declining to compel production of names and

addresses until after conditional certification); Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D.

at 305 (declining to compel production of names and addresses absent a showing of more than

"bare allegations" of a nationwide policy).

The threshold question in determining whether to order pre-certification discovery of the

names and addresses of potential opt-in plaintiffs and whether to authorize notice to these

employees desponds upon whether they are shown to be "'similarly situated'" to the named

plaintiff.  See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005) (internal

quotation and citation omitted).  In order to satisfy this "modest" showing, courts consider the

nature of the named plaintiff's claims, and evidence that other potential class members have the

same job duties and assignments and are paid in the same manner as the named plaintiff.  Id. at

267.

B.  Rule 23 of the Federal Rules of Civil Procedure

1)  Class Action Certification

Plaintiff also seeks to certify a class under Rule 23(c)(1) of the Federal Rules of Civil

Procedure.  Rule 23(a) of the Federal Rules of Civil Procedure governs class certification and

provides that:

> [o]ne or more members of a class may sue or be sued as
> representative parties on behalf of all only if:  1) the class is so
> numerous that joinder of all members is impracticable; 2) there are
> questions of law or fact common to the class; 3) the claims or
> defenses of the representative parties are typical of the claims or
> defenses of the class; and 4) the representative parties will fairly
> and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to satisfying these prerequisites, a plaintiff must also satisfy one of the following three subdivisions of Rule 23(b):  1) that separate actions pose a risk of inconsistent adjudications or would substantially impair the ability of other individuals to protect their interests; 2) injunctive or declaratory relief is sought concerning the class as a whole; or 3) common questions predominate over individual questions and a class action is superior to other methods for bringing suit.  Fed. R. Civ. P. 23(b); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615-18 (1997).  It is plaintiff's burden to establish compliance with the requirements of Rule 23, but in analyzing the issue of certification, courts may accept as true the allegations in the complaint regarding the merits of the claim.  See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974); Labbate-D'Alauro v. GC Servs. Ltd. P'ship, 168 F.R.D. 451, 454 (E.D.N.Y. 1996).  Under this Rule, "the court can make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date."  Collier v. Montgomery County Hous. Auth., 192 F.R.D. 176, 181 (E.D. Pa. 2000).

### 2)  Pre-Certification Discovery Under Rule 23

When, as here, a party seeks to certify a class under Rule 23, pre-certification discovery "is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."  Rahman v. Smith & Wollensky Rest. Group, 06 CV 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007); see also Sirota v. Solitron Devices, Inc., 673 F.2d 566, 571 (2d Cir. 1982) (stating:  "[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied").  However, the Court retains discretion to limit that

discovery, see In re Initial Public Offering Securities Litig., 471 F.3d 24, 41 (2d Cir. 2006), and

courts are very cautious about compelling disclosure of the identities and contact information of

putative class members at the pre-certification stage.  See, e.g., Dziennik v. Sealift, Inc., 2006

WL 1455464, at *1 (collecting cases).

As one court in this district has stated, "[c]ourts have ordinarily refused to allow

discovery of class members' identities at the pre-certification stage out of concern that plaintiffs'

attorneys may be seeking such information to identify new clients, rather than to establish the

appropriateness of certification."  Id.; see also Calabrese v. CSC Holdings, Inc., No. 02 CV

5171, 2007 WL 749690, at *6 n.7 (E.D.N.Y. Mar. 7, 2007) (holding that courts "disfavor" pre-

certification requests for the identities of putative class members).  The Court notes, however,

the existence of authority to the contrary from outside of this circuit.  See, e.g., Putnam v. Eli

Lilly & Co., 508 F. Supp. 2d 812, 813-16 (C.D. Cal. 2007) (compelling pre-certification

production of names and contact information, reasoning that putative class members were

potential plaintiffs to the instant action).  Cf., Babbitt v. Albertson's, Inc., No. C 92 1883, 1992

WL 605652 at *6 (N.D. Cal. Nov. 30, 1992) (compelling pre-certification production of names

and contact information in employment discrimination action, reasoning that "[d]efendant has

access to this information, and plaintiff should have the same access").

II.      Names and Contact Information of Putative Class Members

In this case, plaintiff seeks to compel the "names and contact information of all persons

employed in the position of Paralegal who were classified as exempt during the Relevant Period,

both inside and outside of New York, respectively."  (Pl.'s 4/9 Ltr. Mot. at 1).  Defendant objects

on the grounds that plaintiff's request for contact information is "premature at this pre-

certification stage in the litigation."  (Def.'s 4/23 Ltr. Resp.[7] at 1).

 

     A.  Parties' Arguments

     Plaintiff argues that the requested information is relevant to "fully investigate the class

allegations and gather sufficient evidence for class certification."  (Pl.'s 4/9 Ltr. Mot. at 2).

Specifically, plaintiff contends that the names and contact information are relevant to "class

issues including typicality and commonality."  (Id. at 2-3).  This information would allow

plaintiff to learn the "location of potential class members, the dates of their employment,

whether [d]efendant had a nationwide policy whereby potential class members were required to

perform off-the-clock work, the typicality of [p]laintiff's claims as compared to those of the

putative class members and whether there are common questions of law and fact."  (Id.)  Plaintiff

further argues that contact with the putative class members is "valuable" to determine plaintiff's

suitability as class representative.  (Id. at 3 (citing Putnam v. Eli Lilly & Co., 508 F. Supp. 2d at

814)).

     In an attempt to address any privacy issues raised by her discovery request, plaintiff has

proposed an "opt-out process whereby putative class members may affirmatively elect not to

have their contact information provided to [p]laintiff's counsel."  (Pl.'s 3/17 Ltr. at 3).  Under

plaintiff's proposal, the parties would jointly draft a letter that would be mailed to the putative

class, advising putative class members of their right to opt-out of such disclosure.  (Id.)

     Defendant responds that plaintiff's request is premature at this stage in the litigation.

---

[7]Citations to "Def.'s 4/23 Ltr. Resp." refer to Defendant's Letter Response to Plaintiff's
Letter Motion for Discovery, filed on April 23, 2010.

(Def.'s 4/23 Ltr. Resp. at 1).  Not only has plaintiff failed to offer any evidence that she had any

contact with paralegals from other offices, defendant argues, but she has also failed to offer any

evidence that she has any personal knowledge of the working condition of paralegals in other

offices.  (Id. at 1-2).  As a result, defendant contends that the requested information cannot

"possibly lead to the discovery of admissible evidence relevant to her wage claims."  (Id.

(emphasis in original) (citing cases)).  Moreover, defendant argues that "there is no indication, at

this point in the ligation, that [p]laintiff's claims are likely to be conditionally certified," and thus

such broad-based discovery should be denied.  (Id. at 2 (citing, inter alia, Tracy v. Dean Witter

Reynolds, Inc., 185 F.R.D. at 312-13)).

Defendant characterizes plaintiff's request as a "fishing expedition" by counsel to find

additional clients.  (Def.'s 4/23 Ltr. Resp. at 3).  Defendant points out "that not one additional

plaintiff has chosen to opt-in to this action" since it was filed, and that courts have "repeatedly

refused to allow discovery of class members' identities at the pre-certification stage out of

concern that plaintiffs' attorneys may be seeking such information to identify potential new

clients, rather than to establish the appropriateness of certification."  (Id. (citing, inter alia, Hatch

v. Reliance Ins. Co., 758 F.2d 409, 416 (9th Cir. 1985))).  Furthermore, relying on Dziennik v.

Sealift, Inc., 2006 WL 1455464, at *2, defendant argues that plaintiff is entitled to no more

information at this time than defendant has already provided, namely, "the total number of

paralegals employed in each state during the potentially relevant time period, and the total

number of offices located in each state."  (Def.'s 4/23 Ltr. Resp. at 3).

Finally, defendant notes that it has "legitimate [privacy] concerns" about producing the

requested information.  (Id. at 4).  Defendant is particularly concerned because it finds "no

justification" for plaintiff's request, and it believes that disclosure would merely serve to "'stir-

up'" litigation and intrude upon the putative class members' interest in being free from

unsolicited communications in their home.  (Id.)

B.  Analysis – FLSA Collective Action

The Court first considers whether to compel the requested information for purposes of

certification under the FLSA.  For the reasons stated below, the Court exercises its discretion to

deny plaintiff's motion to compel production at this time of the names and addresses of the

putative class members for purposes of her FLSA claim.

Although plaintiff claims that the requested information is relevant to the issue of class

certification, plaintiff's argument rests on "bare allegations" and circular logic.  See Tracy v.

Dean Witter Reynolds, Inc., 185 F.R.D. at 305.  Indeed, plaintiff has not supplied a "reasonable

factual basis" to suspect that all Nationwide paralegals "have been subject to the same pay

practice."  See Acevedo v. Ace Coffee Bar, 248 F.R.D. at 553.  Plaintiff has not discussed the

need for the requested information in light of the discovery already provided by defendant,

including the number of employees and offices per state (Def.'s 4/23 Ltr. Resp. at 3), nor has

plaintiff addressed why she could not obtain the information necessary for FLSA certification

through properly drafted discovery requests.  See, e.g., Fed. R. Civ. P. 33, 34.  Specifically, in

order to certify the collective action, plaintiff needs to establish that other Nationwide paralegals

performed the same duties as plaintiff and were subject to the same off-the-clock pay practices

alleged by plaintiff here.[8]  Based on the record before the Court, it is unclear whether plaintiff

_____

[8]Indeed, from defendants' letter of March 22, 2010, it appears that there may be at least
two categories of Nationwide paralegals who may be subject to different procedures and
practices.  (Defs.' 3/22 Ltr. Resp. at 3).  For example, plaintiff, who is one of 241 paralegals in
the Trial Division, was required to prepare billing records; other paralegals were not required to
do so.  (Id.)

has promulgated discovery requests seeking relevant information from defendant, including

information relating to its pay practices.

Additionally, although plaintiff presumably seeks the requested information to gather

information from putative class members, such an extensive inquiry is unnecessary at this stage

in the litigation, where plaintiff's burden to certify a class under the FLSA is "fairly lenient,"

Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367; see also Hoffman v. Sbarro, Inc.,

982 F. Supp. at 261 (requiring merely a "modest" showing).  Indeed, the Court need not evaluate

the merits of plaintiff's claims prior to certification.  See, e.g., Pefanis v. Westway Diner, Inc.,

No. 08 CV 002, 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 8, 2008) (authorizing notice even

though no other employee had joined the lawsuit, reasoning that other employees "may hesitate"

to join the lawsuit for fear of retaliation); Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369,

374 (E.D.N.Y. 2008) (authorizing notice where the plaintiff's allegations were the only evidence

that other employees were similarly situated); Wraga v. Marble Lite, Inc., No. 05 CV 5038, 2006

WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (authorizing notice based upon the affidavit and

complaint of one plaintiff).

In light of plaintiff's failure to explain how the names and addresses of putative class

members will assist plaintiff in moving for class certification under the FLSA and why there is

no alterative means to obtain the necessary information, the Court declines to compel the

production of such information at this time.  See Tracy v. Dean Witter Reynolds, Inc., 185

F.R.D. at 305 (declining to order pre-certification discovery "on a national scale" where

plaintiffs failed to provide sufficient evidence of a nationwide pay policy that violated the law).

Once plaintiff moves to conditionally certify a class under 29 U.S.C. § 216(b), and if such

motion is granted, then defendant will be required to produce the names and contact information of the putative class members.

Accordingly, the Court denies plaintiff's motion to compel production of the requested materials at this time for purposes of class certification under the FLSA.

C.   Analysis – Rule 23 Class Action

Having denied plaintiff's request to compel production of the names and contact information of putative class members for purposes of the certification under the FLSA, the Court now considers whether compelling such production is appropriate for purposes of class certification under Rule 23 of the Federal Rules of Civil Procedure.

In the exercise of its discretion, the Court denies plaintiff's motion to compel production of the requested information.  See, e.g., Hatch v. Reliance Ins. Co., 758 F.2d at 414 (noting that the Court has wide discretion over whether to compel the production of names and contact information at the pre-certification stage); Putnam v. Eli Lilly & Co., 508 F. Supp. 2d at 813-16 (stating that "courts throughout the county have come out on both sides of this issue").

Although the names and contact information of putative class members may be relevant to certification issues under Rule 23 in certain circumstances, see Oppenheimer Fund, Inc. v. Sanders, 437 U.S. at 354 n.20, the Court finds such discovery in this case to be premature. Unlike Putnam v. Eli Lilly & Co., a case cited by plaintiff, there has been no showing of "a legitimate need for the requested information."  508 F. Supp. 2d at 814.  Indeed, as discussed in the FLSA certification context, plaintiff has failed to articulate a sufficient basis upon which this

discovery is necessary at this time.[9]  See, e.g., Calabrese v. CSC Holdings, Inc., 2007 WL

749690, at \*6.  Based on plaintiff's bare allegations, the Court does not have sufficient

information to determine whether plaintiff is seeking the information to "establish the

appropriateness of certification" or is seeking to "identify new clients."  Dziennik v. Sealift, Inc.,

2006 WL 1455464, at \*1.  As a result, and under these circumstances, the Court follows the

prevailing view in this district and "refuse[s] to allow discovery of class members' identities at

the pre-certification stage."  Id.; see also Calabrese v. CSC Holdings, Inc., 2007 WL 749690, at

\*6 n.7.

Accordingly, the Court declines to compel production of the requested information at this

time for purposes of class certification under Rule 23 of the Federal Rules of Civil Procedure.

III.    Billing Records of Putative Class Members

The Court now turns to plaintiff's second request.  Plaintiff seeks to compel production

of "all billing sheets for Paralegals during the Relevant Period; or, in the alternative, the number

of hours billed by all Paralegals during the Relevant Period."  (Pl.'s 4/9 Ltr. Mot. at 5).

Defendant objects on the basis that plaintiff's request is premature and unduly burdensome.

(Def.'s 4/23 Ltr. Resp. at 4-6).

---

[9]As discussed supra pages 12-13, plaintiff has neither explained why the requested
information is necessary in light of the discovery already provided by defendant, nor why
plaintiff is unable to gather sufficient information for Rule 23 certification through properly
drafted discovery requests.  See, e.g., Fed. R. Civ. P. 33, 34.  Indeed, many discovery devices are
available to plaintiff at the pre-certification stage.  See, e.g., Mullen v. Treasure Chest Casino,
LLC, 186 F.3d 620, 622 (5th Cir. 1999) (deposition of named plaintiff); In re Urethane Antitrust
Litig., 04 MD 1616, 2006 WL 2620346, at \*1 (D. Kan. Aug. 25, 2006) (interrogatories and
document requests); Dziennik v. Sealift, Inc., 2006 WL 1455464, at \*3 (personal contact with
putative class members); Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2003 WL
21659373, at \*2 (S.D.N.Y. July 15, 2003) (expert report).

A.  Parties' Arguments

Plaintiff seeks these records to support "her claim that Paralegals worked overtime without proper compensation."  (Pl.'s 4/9 Ltr. Mot. at 5).  Plaintiff argues that defendant was required by law to maintain such records; if it failed to do so,[10] any cost associated with producing the billing records should "be borne by [d]efendant."  (Id.)  Mindful that the requested records might contain confidential information, plaintiff states that she is only seeking information regarding the number of hours billed by Paralegals; if defendant is able to produce the requested information regarding the number of hours billed, plaintiff does not require production of the entirety of the billing sheets.  (Id.)

Defendant responds that plaintiff's request is "premature," as there is only one plaintiff in this action, and plaintiff has not shown how the billable hour information is relevant to class certification, particularly where records of the billable hours do not fully capture the total amount of time that each paralegal worked.  (Def.'s 4/23 Ltr. Resp. at 4-5).  Indeed, defendant asserts that it did not use billing sheets to determine hours for purposes of payroll.  (Id.)

Additionally, defendant contends that producing the requested information would be unduly burdensome.  This is in large part because the records contain "significant amounts of attorney work product and attorney client privileged information," which would require "extensive redactions prior to production."  (Id. at 5).  Defendant estimates that performing the necessary redactions would consume "at least 9,640 hours of paralegal time," at a cost that might

---

[10]Defendant disputes that it did not maintain proper records for putative class members as required by law.  (Def.'s 4/23 Ltr. Resp. at 5-6).

exceed $1.5 million.[11]  (Id.)  Even producing individual billing information would be unduly

burdensome, defendant argues, because defendant would have to examine and redact each record

since defendant does not maintain aggregate hours reports by paralegals.  (Id.)


B.  Analysis – FLSA Collective Action & Rule 23 Class Action

In this case, plaintiff has failed to articulate a basis upon which the Court should compel

discovery into the sensitive litigation billing records of the paralegals.  Since discovery at this

stage in the litigation is limited to issues of certification under either the FLSA or Rule 23, the

Court finds that plaintiff has failed to show how the requested records are relevant to

certification under either mechanism.  See Fed. R. Civ. P. 26(b)(1).  Similar to her request for the

names and contact information of putative class members, plaintiff provided the Court with

nothing more than conclusory and bare allegations in support of her request for the paralegal

billing records.  Absent a sufficient showing as to how the requested records would aid in class

or collective action certification under either the FLSA or Rule 23, the Court denies plaintiff's

request at this time.

Alternatively, even if the Court found that the requested records were relevant to issues

of class certification, see 29 U.S.C. § 216(b); Fed. R. Civ. P. 26(b)(1), the Court would

nonetheless deny plaintiff's motion to compel production of the records in light of defendant's

representation that such production would be extremely burdensome due to the need to redact

attorney work product and attorney client privileged information from these litigation billing

---

[11]Defendant's estimate is based on the 241 paralegals in the Trial Division during the relevant time period claimed by plaintiff.  This does not include paralegals who worked in the Office of the General Counsel because those paralegals do not complete billing records.  (Id. at 5 & n.3).

records.  (See Def.'s 4/23 Ltr. Resp. at 4-6).  In balancing the relevance of the requested records

to issues of class certification – which, based on the current record, is at most slight – against the

financial and personnel burden associated with their production, the Court finds "good cause" to

justify a Protective Order preventing production of the requested records at this time.  See Fed.

R. Civ. P. 26(c) (providing that the Court may issue a protective order for  "good cause . . . to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense").

Accordingly, the Court denies plaintiff's motion to compel billing records at this time.


CONCLUSION

For the reasons stated above, plaintiff's motion to compel production of the names and

contact information of putative class members and certain litigation billing records of paralegals

is denied at this time.


**SO ORDERED.**

Dated: Brooklyn, New York
       May 27, 2010

/S/   Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge